UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRIE WYANT, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:11-cv-00145-LJM-TAB |
| ) | |
| WAYNE TOWNSHIP FIRE DEPT, ) | |
| WAYNE TOWNSHIP, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Pending before the Court is defendants', Wayne Township Fire Department and Wayne Township (collectively, "Defendants"), Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") [Dkt. No. 13]. Plaintiff, Terrie Wyant ("Plaintiff"), a female employed by Defendants, brings this action under Title 42, United States Code, Section 1983 ("§ 1983"), alleging equal protection violations based on her sex. Dkt. No. 1 ¶¶ 1, 10. The Court has considered the parties' arguments and **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss.

## I. BACKGROUND

For the purposes of a motion to dismiss under Rule 12(b)(6), the Court accepts all of Plaintiff's well-pleaded allegations as true and draws all favorable inferences for Plaintiff. *See Killingsworth v. HSBC Bank*, 507 F.2d 614, 618 (7th Cir. 2007). With this standard in mind, the Court recites the facts as they are contained within the Complaint.

1

In or around December 1999, Plaintiff commenced her employment with Defendants as a firefighter. Dkt. No. 1 ¶ 10. In or around 2003, Plaintiff was promoted to engineer. *Id.* ¶ 11. While Plaintiff was employed as an engineer, Defendants employed approximately twenty-four engineers, twenty-two of which were male. *Id.* ¶ 12. Plaintiff continuously met Defendants' legitimate and reasonable performance expectations, both as a firefighter and as an engineer. *Id.* ¶ 13.

In 2007, Plaintiff submitted a complaint of sexual harassment and/or sex discrimination to Defendants. *Id.* ¶ 14. Following submission of her complaint, Plaintiff experienced harassment on the basis of her sex which she alleges created a hostile work environment. *Id.* ¶ 15. Plaintiff was placed on a new crew and experienced "various forms of alienation" from her coworkers and supervisors. *Id.* ¶ 15(a). Defendants unduly scrutinized and oversaw Plaintiff's work performance. *Id.* ¶ 15(b). Plaintiff received unwarranted discipline, including written discipline for a brake incident in March 2008 and further written discipline, which was ultimately rescinded, for an incident toward the end of 2009. *Id.* ¶ 15(c). Plaintiff was removed from her crew and placed into mandatory remedial training with the promise of reinstatement when finished, but, instead, upon completion, Plaintiff was placed on a separate crew and a male, Don Hostetler, took over Plaintiff's previous position. *Id.* ¶ 15(d). Defendants continue to leak information to Plaintiff's coworkers about personnel changes with respect to Plaintiff before such changes become official. *Id.* ¶ 15(f).

On or about April 27, 2010, Defendants demoted Plaintiff from her engineer position to a float/pull position. *Id.* ¶ 16. Plaintiff's pay was reduced as a result of this demotion.

*Id.* In January 2011, Defendants refused to let Plaintiff apply for a vacant engineer position. *Id.* ¶ 15(e).

Plaintiff contends that similarly situated male engineers, including Joseph Plummer, Dennis Smith, Curtis Walters, and Mark Scutchfield, have been involved in similar incidents but were given more lenient treatment. *Id.* ¶ 17. Plaintiff further contends that Defendants applied their policies in a discriminatory manner based on sex. *Id.* ¶ 18. The decision makers involved in the conduct complained of above have final policy making authority or, alternatively, their decisions were ratified by an official with final policy making authority. *Id.* ¶ 19.

In her Complaint, Plaintiff brings two claims. Count One alleges sex discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. *Id.* ¶¶ 21–25. Count Two alleges a hostile work environment, also under the Equal Protection Clause. *Id.* ¶¶ 26–29. Defendant filed this Motion to Dismiss seeking dismissal of both claims under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim upon which relief can be granted.

The Court includes additional facts below as necessary.

## II. STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint, not to resolve the case on its merits. *See Triad Assoc., Inc. v. Chi. Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004). A pleading must contain a "short

and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but a plaintiff's complaint may not merely state "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Id.* In evaluating a motion to dismiss, all facts in the complaint are accepted as true. *Killingsworth*, 507 F.2d at 618; *see also Bonte v. U.S. Bank, Nat'l Ass'n*, 624 F.3d 461, 463 (7th Cir. 2010). However, the Court is not required to accept as true "a legal conclusion couched as a factual allegation." *Bonte*, 624 F.3d at 465 (citing *Twombly*, 550 U.S. at 555).

"[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal quotation omitted). "[T]he height of the pleading requirement is relative to the circumstances[,]" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), and "[d]etermining the plausibility of a claim is a context-specific task that requires [the Court] to draw on [its] judicial

4

experience and common sense." *Brown v. JP Morgan Chase Bank*, 334 F. App'x 758, 759 (7th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1950); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (instructing that one of the "key questions" is "how much detail realistically can be given . . . about the nature and basis or grounds of the claim."). "Although *Twombly* and *Iqbal* require that a complaint in federal court allege facts sufficient to show that the case is plausible, they do not undermine the principle that plaintiffs in federal courts are not required to plead legal theories." *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010) (internal citations omitted).

### III. DISCUSSION

To state a claim upon which relief can be granted under § 1983, Plaintiff's Complaint must allege that Defendants caused her to suffer a constitutional injury while acting under color of state law. 42 U.S.C. § 1983; *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The Equal Protection Clause of the Fourteenth Amendment "contains a federal right to be free from gender discrimination," and, therefore, sex discrimination in employment is actionable under § 1983. *Bohen v. City of East Chi.*, 799 F.2d 1180, 1185 (7th Cir. 1986).

#### A. SEX DISCRIMINATION

Defendants contend that Count One should be dismissed because Plaintiff has failed to plead facts showing that her demotion resulted from unconstitutional discrimination rather than Plaintiff's failure to properly perform her job. Defendant further challenges the level of factual detail given as to similarly situated male employees. Plaintiff counters that

5

Defendants are inappropriately attempting to apply the higher *McDonald Douglas* standard on a Motion to Dismiss when it should not be applied until the summary judgment stage.

The Court agrees with Plaintiff that Rule 12(b)(6) does not require that Plaintiff plead all the facts necessary to meet the *McDonald Douglas* burden shifting analysis at this stage in the litigation, as "[t]he prima facie case under *McDonald Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *see also Swanson*, 614 F.3d at 404 (upholding application of *Swierkiewicz* in light of *Twombly* and *Iqbal*). To satisfy Rule 8's pleading requirements, Plaintiff need only identify the type of discrimination she thinks occurred, by whom, and when. *Swanson*, 614 F.3d at 405. Plaintiff's Complaint states that she believes she was the victim of gender discrimination at Defendants' hands and gives a number of specific examples of when such discrimination allegedly occurred. *See, e.g.,* dkt. no. 1 ¶¶ 15–17. Plaintiff's admissions of "mistakes" do not render her allegations of sex discrimination implausible, particularly in light of her contention that similarly situated male employees were treated more favorably. *See id.* ¶ 17. The Court concludes that Plaintiff has sufficiently pled her sex discrimination claim.

### B. HOSTILE WORK ENVIRONMENT

Defendants contend that Plaintiff's hostile work environment claim must be dismissed because "Plaintiff's Complaint is devoid of factual allegations that anyone intimidated, ridiculed, or insulted her," and, therefore, Plaintiff's factual allegations are not sufficiently severe for a hostile work environment claim. A claim for hostile work environment requires "severe or pervasive conduct . . . that a reasonable person would find

hostile or abusive." *Kelly v. Mun. Ct. of Marion Cnty.*, 852 F. Supp. 724, 737 (S.D. Ind. 1994); *see also Strategic Mgmt. Harmony, LLC v. Enhanced Bus. Reporting Consortium, Inc.*, 2007 WL 2316484, at *15 (S.D. Ind. Aug. 10, 2007) (Tinder, J.) (applying same test on motion to dismiss). Plaintiff must plead facts that would show that her "workplace is permeated with discriminatory intimidation, ridicule, and insult . . . sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Conduct that is merely offensive does not offend the Equal Protection Clause. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).

Turning to the factual assertions of Plaintiff's Complaint, the Court concludes that it contains inadequate assertions to state a hostile work environment claim. Plaintiff states that she "experienced various forms of alienation from her coworkers and supervisors." Dkt. No. 1 ¶ 15(a). She further alleges that the conduct alleged "had the purpose or effect of unreasonably interfering with her work performance and/or []caused an intimidating, hostile, or offensive working environment," *id.* ¶ 15, but this allegation is a legal conclusion that the Court is not required to accept. *See Bonte*, 624 F.3d at 465 (citing *Twombly*, 550 U.S. at 555). Although other specific allegations of Plaintiff's Complaint—such as not being permitted to apply for a vacant engineer position and being placed in mandatory remedial training—are relevant to Plaintiff's sex discrimination claim in Count One, these incidents are isolated rather than pervasive and so do not form the basis for a hostile work environment claim. *Cf. Meritor*, 477 U.S. at 67 (repeated sexual advances sufficiently pervasive). Although alienation from coworkers is undoubtedly unpleasant, merely unpleasant or offensive conduct is insufficient for a hostile work environment claim. *See*

7

*id.* In short, Plaintiff has not pled sufficient facts to support a plausible hostile work environment claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [dkt. no. 13] is **GRANTED in part** and **DENIED in part**. Defendants' Motion to Dismiss is **DENIED** as to Plaintiff's sex discrimination claim (Count One). Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's hostile work environment claim (Count Two).

IT IS SO ORDERED this 3rd day of May 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

John H. Haskin
HASKIN & LARUE
jhaskin@hlllaw.com

Steven Craig Jackson
FERGUSON & FERGUSON
scj@ferglaw.com

Ryan Patrick Sink
HASKIN & LARUE
rsink@hlllaw.com