UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRIE WYANT, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:11-cv-00145-LJM-TAB |
| ) | |
| WAYNE TOWNSHIP FIRE DEPT, ) | |
| WAYNE TOWNSHIP, ) | |
| ) | |
| Defendants. ) | |

### ORDER ON PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL OF SEX HARASSMENT CLAIM

Pending before the Court is plaintiff's, Terrie Wyant ("Plaintiff"), Motion to Reconsider Dismissal of Sex Harassment Claim ("Motion to Reconsider") [Dkt. No. 21]. Plaintiff seeks reconsideration of this Court's May 3, 2011 Order dismissing her hostile work environment claim. *See* dkt. no. 20 at 6–8. The Court has considered the parties' arguments and **DENIES** Plaintiff's Motion to Reconsider [Dkt. No. 21].

### I. BACKGROUND

In her complaint filed on January 31, 2011, Plaintiff alleged that defendants, Wayne Township Fire Department and Wayne Township (collectively, "Defendants"), discriminated against her because of her gender and subjected her to a hostile work environment during her employment with the Wayne Township Fire Department. *See generally* dkt. no. 1. In support of her hostile work environment claim, Plaintiff's complaint stated the following:

> [Plaintiff] has experienced harassment on the basis of her sex which includes conduct that had the purpose or effect of unreasonably interfering with her work performance and/or has caused an intimidating, hostile, or offensive working environment. By way of example and not limitation:

> a. [Plaintiff] was placed on a new crew and experienced various forms of alienation from her coworkers and supervisors;
>
> b. Defendants placed undue scrutiny and oversight on [Plaintiff]'s work performance;
>
> c. [Plaintiff] received unwarranted discipline, including but not limited to written discipline for a brake incident in March of 2008, and written discipline, which was ultimately rescinded, for an incident towards the end of 2009;
>
> d. [Plaintiff] was removed from her crew and placed in mandatory remedial training with the promise of reinstatement when finished. However, upon completion, [Plaintiff] was placed on a separate crew and a male . . . took over her previous position;
>
> e. In January of 2011, Defendants refused to let [Plaintiff] apply and/or bid for a vacant engineer position; and
>
> f. Defendants continue to leak information to [Plaintiff]'s coworkers about personnel changes with respect to [Plaintiff] before it becomes official . . . .
>
> Defendants have applied their policies in a discriminatory manner based on sex.

Dkt. No. 1 ¶¶ 15, 18; *see also generally* dkt. no. 21.

In its May 3, 2011 Order, the Court dismissed Plaintiff's hostile work environment claim. *See generally* dkt. no. 20. In doing so, the Court stated, "Although . . . the specific allegations of Plaintiff's Complaint . . . are relevant to Plaintiff's sex discrimination claim in Count One, these incidents are isolated rather than pervasive and so do not form the basis for a hostile work environment claim." *Id.* at 7.

Plaintiff now seeks reconsideration of the Court's dismissal of her hostile work environment claim. Plaintiff argues that the Court impermissibly required Plaintiff to prove the elements of her prima facie case, which is not required at the notice pleading stage.

2

Dkt. No. 21 at 5–6. Plaintiff further contends that the Court made a premature determination as to whether her allegations were sufficiently severe and pervasive to rise to the level required for a hostile work environment claim and "ignored . . . facts and/or trivialized their relevance" in doing so. *Id.* at 3.

## II. LEGAL STANDARD

To prevail on her Motion to Reconsider, Plaintiff must "clearly establish": (1) that there has been a manifest error in law or fact; or (2) that newly discovered evidence precludes entry of judgment. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001) (abrogated on other grounds)). Motions for reconsideration do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Instead, a motion for reconsideration is "valuable" when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

### III. DISCUSSION

In essence, Plaintiff argues that the Court committed an error of law by impermissibly applying the standard for a hostile work environment claim at the summary judgment stage to Defendant's motion to dismiss, thereby subjecting her claim to a higher standard than is necessary at this stage of the litigation. *See generally* dkt. no. 21. The Court notes that Plaintiff made a nearly identical argument in opposing Defendants' motion to dismiss, *see generally* dkt. no. 17, but will address it more clearly here.

Plaintiff is correct that notice pleading under the Federal Rules of Civil Procedure do not require Plaintiff plead all facts necessary to meet the *McDonnell Douglas* burden-shifting analysis. *See Swierkiwicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (upholding *Swierkiwicz* in light of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)). However, motion to dismiss analysis is a "context-specific task," and the *Twombly/Iqbal* standard will be applied differently in different types of cases. *Iqbal*, 129 S.Ct. at 1950; *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In the case of hostile work environment claims, the severity and pervasiveness of the allegations is within the Court's purview on a motion to dismiss. *See, e.g., Strategic Mgmt. Harmony, LLC v. Enhanced Bus. Reporting Consortium, Inc.*, No. 4:05-cv-180, 2007 WL 2316484, at *15 (S.D. Ind. Aug. 10, 2007) (Tinder, J.).

Turning to Plaintiff's allegations in the complaint, the Court remains convinced that Plaintiff has not pled sufficiently severe or pervasive conduct for her hostile work environment claim to survive. By and large, Plaintiff's allegations involve isolated incidents such as movement to a different crew, unjustified remedial training, and refusal to allow

Plaintiff to bid for a vacant engineer position. *See generally* dkt. no. 1 ¶ 15. Isolated incidents can form the basis of a hostile work environment, but such incidents must be so severe that their hostility would be easily conceded. *See, e.g, Lapka v. Chertoff*, 517 F.3d 974, 982–83 (7th Cir. 2010) (plaintiff alleged that she was forcibly raped). There is no question that Plaintiff's alleged events can form the basis for a sex discrimination claim and, indeed, could possibility substantiate a retaliation claim had Plaintiff made one. However, these incidents do not show that Plaintiff's workplace "is permeated with discriminatory, intimidation, ridicule or insult . . . sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

In short, the Court concludes that there is no "manifest error of law or fact" in its May 3, 2011 Order dismissing Plaintiff's hostile work environment claim. The Court, therefore, declines to reconsider its previous conclusion.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Reconsider [dkt. no. 21] is **DENIED**.

IT IS SO ORDERED this 26th day of July 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

David L. Ferguson
FERGUSON & FERGUSON
dlf@ferglaw.com

John H. Haskin
HASKIN & LARUE
jhaskin@hlllaw.com

S. Craig Jackson Jr.
FERGUSON & FERGUSON
cjj@ferglaw.com

Ryan Patrick Sink
JOHN H. HASKIN & ASSOCIATES
rsink@hlllaw.com